UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


JULIUS PERKINS                      ]
    Petitioner,                  ]
                                 ]
v.                                  ]          No. 3:12-1187
                                 ]          Judge Trauger
HENRY STEWARD, WARDEN               ]
    Respondent.                  ]


M E M O R A N D U M

The petitioner, proceeding *pro se*, is an inmate at the Northwest Correctional Complex in Tiptonville, Tennessee. He brings this action pursuant to 28 U.S.C. § 2254 against Henry Steward, Warden of the facility, seeking a writ of habeas corpus.

## I. Background

On October 30, 2002, a jury in Davidson County found the petitioner guilty of first degree felony murder. Docket Entry No.16-4 at pg.145. For this crime, he received a sentence of life imprisonment. Docket Entry No.16-1 at pg.14.

The Tennessee Court of Criminal Appeals affirmed the conviction on direct appeal. Docket Entry No.16-6 at pgs.37-42. The Tennessee Supreme Court later denied the petitioner's application for further review. *Id.* at pg.82.

The petitioner then filed a *pro se* petition for state post-

Case 3:12-cv-01187   Document 31   Filed 02/11/13   Page 1 of 10 PageID #: 937

conviction relief in the Criminal Court of Davidson County. Docket Entry No.16-7 at pgs.12-37. Through counsel, the petitioner filed an amended post-conviction petition. On January 18, 2011, the trial court conducted an evidentiary hearing. Docket Entry No.16-8. Following the evidentiary hearing, the petitioner was denied post-conviction relief. Docket Entry No.16-7 at pgs.60-70.

On appeal, the Tennessee Court of Criminal Appeals affirmed the denial of post-conviction relief. Docket Entry No.16-9 at pgs.39-43. The Tennessee Supreme Court then rejected petitioner's request for additional review. *Id.* at pg.83.

## II. Procedural History

On October 26, 2012, the petitioner initiated this action with the *pro se* filing of a petition for writ of habeas corpus (Docket Entry No.1). The petition sets forth three claims for relief. These claims include :

1) trial counsel[1] was ineffective because
   a) he failed to move for a mistrial when recovery of a ski mask from the petitioner's apartment was mentioned; and
   b) he neglected to request a curative instruction "regarding the prejudicial testimony concerning the ski mask."

2) the evidence was insufficient because the "state failed to show that the victim was killed during a robbery or attempted robbery, or, alternatively, that the petitioner was criminally responsible for

---

[1] At trial, the petitioner was represented by Paul Walwyn, a member of the Davidson County Bar.

2

the death of the victim."

Upon its receipt, the Court conducted an initial review of the petition and determined that the petitioner had stated a colorable claim for relief. Therefore, by an order (Docket Entry No.10) entered November 26, 2012, the respondent was directed to file an answer, plead or otherwise respond to the petition.

Presently before the Court are the respondent's Answer (Docket Entry No.14) to the petition and the petitioner's Reply (Docket Entry No.29) to the Answer. Having carefully considered these pleadings and the expanded record, it appears that an evidentiary hearing is not needed in this matter. *See* <u>Smith v. United States of America</u>, 348 F.3d 545, 550 (6th Cir. 2003)(an evidentiary hearing is not required when the record conclusively shows that the petitioner is entitled to no relief). Therefore, the Court shall dispose of the petition as the law and justice require. Rule 8(a), Rules - - - § 2254 Cases.

### III. Analysis of the Claims

A federal district court will not entertain a petition for writ of habeas corpus unless the petitioner has first exhausted all available state court remedies for each claim in his petition. <u>Cohen v. Tate</u>, 779 F.2d 1181, 1184 (6th Cir.1985); 28 U.S.C. § 2254(b)(1). The respondent concedes that the petitioner has fully exhausted his state court remedies for each of his claims. Docket Entry No.14 at pg.2.

3

The availability of federal habeas corpus relief is limited with respect to claims that have been previously adjudicated on the merits in state court. Harrington v. Richter, 131 S.Ct. 770,780 (2011). When a claim has been adjudicated on the merits in state court, the state court adjudication will not be disturbed unless it resulted in a decision contrary to clearly established federal law or involved an unreasonable application of federal law in light of the evidence. 28 U.S.C. § 2254(d); Nevers v. Killinger, 169 F.3d 352, 357 (6th Cir.1999).

In order for a state adjudication to run "contrary to" clearly established federal law, the state court must arrive at a conclusion opposite to that reached by the United States Supreme Court on a question of law or decide a case differently than the United States Supreme Court on a set of materially indistinguishable facts. To grant the writ for an "unreasonable application" of federal law, the petitioner must show that the state court identified the correct governing legal principle involved but unreasonably applied that principle to the facts of the case. Williams v. Taylor, 529 U.S. 362, 412-13 (2000). In short, state court judgments must be upheld unless, after an examination of the state court judgment, the Court is firmly convinced that a federal constitutional right has been violated. Id. at 529 U.S. 389.

The right to due process guaranteed by the Constitution

insures that no person will be made to suffer the onus of a criminal conviction except upon sufficient proof. Sufficient proof has been defined as the "evidence necessary to convince a trier of fact beyond a reasonable doubt of the existence of every element of the offense." <u>Jackson v. Virginia</u>, 99 S.Ct. 2781, 2787 (1979). When weighing the sufficiency of the evidence to support a criminal conviction, the Court must view the evidence in a light most favorable to the prosecution. *Id.,* 99 S.Ct. at 2789. The only question this Court need answer "is whether that finding was so unsupportable as to fall below the threshold of bare rationality." <u>Cavazos v. Smith</u>, 132 S.Ct. 2, 4 (2011).

Petitioner's sufficiency of the evidence claim (Claim No.2) was presented to the state courts during the direct appeal of his conviction. Docket Entry No.16-6. The state courts found that there was sufficient evidence to support petitioner's conviction for first degree felony murder. This claim will provide a basis for federal habeas relief only if the Court finds that the ruling of the state courts on this issue was either contrary to or was an unreasonable application of clearly established federal law. <u>Williams</u>, *supra.*

In Tennessee, first degree felony murder is defined as the killing of another committed during the perpetration of or attempt to perpetrate any ... robbery. Tenn. Code Ann. § 39-13-202(a)(2). Thus, the onus was upon the prosecution to prove that a robbery or

attempted robbery took place, that the victim was killed during the commission of that crime, and that the petitioner either killed the victim or was criminally responsible for the victim's death.

The undisputed facts, as established by the evidence, are that two men entered the victim's apartment building. One of these men walked upstairs to the victim's apartment and met with him in the hallway while the second man remained downstairs by the staircase. Docket Entry No.16-2 at pg.44. A heated conversation ensued between the first man and the victim. The first man drew a pistol and the pair began to wrestle. *Id.* at pg.36. The victim was unarmed. *Id.* at pg.52.

During the course of the altercation, the first man urged the second man to shoot the victim. The second man pointed a pistol up towards the victim. *Id.* at pg.45. Three shots were heard and the victim received a fatal wound. The police were unable to recover the perpetrators' pistols or determine which man fired the fatal shot.

The defense's sole witness was the petitioner. On the witness stand, he acknowledged being the second man and identified Jerry Woodland as being the first man. The petitioner testified that he had accompanied Woodland to the victim's apartment building to simply buy some marijuana. Docket Entry No.16-4 at pg.71. He claimed that he was unaware that Woodland intended to rob the victim. *Id.* at pg.74. He admitted, however, that he was armed at

6

the time, *Id.* at pg.79, and that he fired his weapon upstairs in the direction of the victim. *Id.*

After the shooting, the petitioner left the building with Woodland. Woodland had been shot as well and the petitioner, along with a third man, took him to a hospital and left him there for treatment. *Id.* at pg.83. The petitioner then threw his pistol away in a dumpster. *Id.* at pg.104.

During initial questioning by the police, the petitioner denied being at the victim's apartment building or having any involvement in the shooting. However, he eventually admitted to being at the scene of the shooting, watching Woodland wrestle with the victim, drawing a pistol and firing it in the direction of the victim. Docket Entry No.16-3 at pgs.136-145. He testified that Woodland intended to rob the victim but that he had no knowledge of the robbery at the time. Docket Entry No.16-4 at pgs.72-74.

From this evidence, any rational trier of fact could find that the petitioner knew that Woodland intended to rob the victim, that he came with Woodland armed for that very purpose, that he remained downstairs at the door to act as a lookout, and that he participated in shooting the victim during the course of the robbery. Therefore, it does not appear that the state courts violated clearly established federal law by holding that the evidence was sufficient to support a conviction for first degree felony murder.

At trial, the prosecution attempted to introduce a ski cap that had been seized from the petitioner's apartment. Apparently, the prosecution hoped to suggest that possession of the ski cap in some way implicated the petitioner as being a robber.[2]

Defense counsel objected to introduction of the ski cap on the grounds of relevancy. Docket Entry No.16-3 at pgs.129-133. There had been no suggestion from witnesses that the petitioner wore a mask during the shooting. The judge agreed and sustained counsel's objection. Docket Entry No.16-8 at pg.17. The ski cap was not introduced into evidence nor did the jury ever see it. Docket Entry No.16-8 at pg.28. Nevertheless, because the ski cap was mentioned, the petitioner believes that counsel was ineffective for failing to request a mistrial (Claim No.1a) or seek a curative instruction (Claim No.1b).

The Sixth Amendment provides that a criminal defendant is entitled to the effective assistance of counsel. McMann v. Richardson, 379 U.S. 759, 771 (1970). To establish a violation of this right, the petitioner bears the burden of pleading and proving that his attorney's performance was in some way deficient and that the defense was prejudiced as a result of the deficiency. Strickland v. Washington, 466 U.S. 668 (1984). Prejudice arises when there is a reasonable probability that, but for counsel's

---

[2] The ski cap pulled over the face with holes cut out for the eyes, making it, in essence, a mask.

errors, the result of the proceeding would have been different. *Id*. at 466 U.S. 694. When considering such a claim, counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. Mallett v. United States, 334 F.3d 491, 497 (6th Cir. 2003).

During the post-conviction evidentiary hearing, counsel seemed to concede that he had erred by not seeking a mistrial or, at the very least, a curative instruction. Docket Entry No.16-8 at pg.21. While such a concession might be debatable, this record in no way suggests that the petitioner was so prejudiced by the mere mention of the ski cap that the result of the proceeding would have been different. No witnesses testified that the second man was wearing some type of mask during the shooting. Pursuant to counsel's objection, the ski cap was never introduced into evidence. Therefore, the state courts correctly concluded that the petitioner had failed to establish a claim of ineffective assistance of counsel.

## IV. CONCLUSION

The state courts determined that the petitioner's claims lacked merit. The record supports these findings. The petitioner has offered no clear and convincing evidence to rebut the presumption of correctness that must be accorded the factual findings made by the state courts. 28 U.S.C. § 2254(e)(1). Nor has

the petitioner demonstrated in what way the legal analysis of the state courts ran contrary to federal law. Accordingly, having carefully reviewed the record, it appears that the state court adjudication of petitioner's claims was neither contrary to nor an unreasonable application of federal law. Consequently, petitioner's claims have no merit.

An appropriate order will be entered.

Aleta A. Trauger
United States District Judge